UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 14-119-HRW

JOANIE LEANNE DAVIS,                                                                  PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on March 13, 2012, alleging disability beginning on April 27, 2011, due to "irritable bowel syndrome, kidney disease, multiple kidney stones, thyroid problems, high blood pressure, back problems, torn meniscus of right knee, carpal tunnel of lest wrist, high cholesterol, migraines, acid reflex, gout and depression." (Tr. 228). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Maria Hodges (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Leah Salyers, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 11-21). Plaintiff was 32 years old at the time she allegedly became disabled on April 27, 2011, and 34 years old at the time of the Commissioner's May 7, 2013 final decision that is now before this Court (Tr. 21, 201). Plaintiff has a high school education (Tr. 229), and previously worked as a cook and a food service coordinator and manager (Tr. 29, 52).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 13).

The ALJ then determined, at Step 2, that Plaintiff suffers from carpal tunnel syndrome of the left upper extremity, degenerative joint disease and degenerative disc disease, which she found to be "severe" within the meaning of the Regulations (Tr. 13-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

of the listed impairments (Tr. 15-16).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 19) but determined that she has the residual functional capacity ("RFC") to perform a range of medium exertion work (limited to no more than four hours standing and walking during an eight-hour workday), with additional postural and environmental limitations (Tr. 16).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 8] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."

*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ erred by discounting the opinion of her treating physician, Dr. Gopal Majmundar.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In her brief, Plaintiff states that Dr. Majmundar treated her for her multiple complaints, which included pain in her back; left shoulder; left elbow; right hip and right knee and, ultimately, referred her to Dr. Michael Heilig. (Tr. 794-803). She emphasizes that he treated her on numerous occasions. Yet, the duration of the doctor-patient relationship, alone, does not warrant controlling weight. Plaintiff fails to specify which evidence or opinion was not considered properly by the ALJ. Indeed, she does not cite a functional capacity assessment or any other opinion offered by Dr. Majmundar. As such, her argument in this regard is without merit. The United States Court of Appeals for the Sixth Circuit has

>decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (I) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his /her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006). In *Hollan*, the court also refused to consider claimant's generalized arguments regarding the physician's opinions of record:

>[Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id. See also, McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ( " ' [I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'") (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

Plaintiff also contends that the ALJ did not properly consider her subjective complaints. Again, she does not provide specific support for her argument. Nonetheless, the undersigned has reviewed the ALJ's decision as well as the record and finds no error in this regard.

An ALJ is in the best position to observe witnesses' demeanor and to make an appropriate

5

evaluation as to their credibility. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir.1997). Therefore, an ALJ's credibility assessment will not be disturbed "absent compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001); *Walters,* 127 F.3d at 531 (recognizing ALJ's credibility assessment is entitled to "great weight and deference"). In making a credibility determination, Social Security Ruling 96–7p provides that the ALJ must consider the record as a whole, including objective medical evidence; the claimant's statements about symptoms; any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant; and any other relevant evidence. *See* SSR 96–7p, 1996 WL 374186, at *2 (July 2, 1996). Here, the ALJ properly recognized the factors that the regulations require to be considered in evaluating a claimant's credibility with regard to their pain. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). He further identified numerous contradictions between Plaintiff's allegations of disabling impairment and the medical records.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 28th day of September, 2015.

Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**

6